statute provides that the cost of repairs between adjoining towns for bridges or roads on the town line shall be such as is just and equitable, having regard to the taxable property in each town. Under this provision the liability of the two townships in the payment of their respective shares of the cost of the bridge should be in the proportion of the Town of Dillon paying four-elevenths and the Town of Hopedale paying seven-elevenths, but appellants have waived this and only seek to recover one-half of said cost.

The judgment of the Circuit Court is reversed, and as the case was tried before the court without a jury and there is no controversy over the facts, judgment in this court will be rendered in favor of appellants against appellees for $2,332.07, the same being one-fourth of the contract price, $2,090.25, with interest from September 8, 1911, unto December 8, 1913.

*Reversed with judgment entered.*

## Vada C. Stines, Plaintiff in Error, v. Annie E. Brock, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Fulton county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Petitions by Vada C. Stines praying for letters of administration to be issued to her in the estates of her father and mother who died intestate leaving Vada C. Stines and Annie E. Brock their only heirs at law. Annie E. Brock filed objections and petitioned to have some disinterested person appointed administrator of each estate, and subsequently filed a petition to have

herself appointed administratrix of the estates.   The County Court overruled the objections and appointed Vada C. Stines administratrix of each estate.   Annie E. Brock appealed from the orders of the County Court to the Circuit Court where the appeals were consolidated, and upon a hearing the court ordered letters to be issued to Vada C. Stines in the estate of the father, and to Annie E. Brock in the estate of the mother.   From this order, Vada C. Stines brings error.

M. P. RICE, for plaintiff in error.

HARVEY H. ATHERTON, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

EXECUTORS AND ADMINISTRATORS, § 32*—*when issuance of letters to daughters to administer estates of father and mother not an abuse of trial court's discretion.*   Where a father and mother died intestate leaving two daughters as the only heirs at law, the father leaving personal property consisting chiefly of a promissory note executed to him by the husband of the elder daughter, and the mother leaving personal estate consisting only of her share as widow in the estate of her deceased husband, the younger daughter intending to file a claim against the mother's estate for services rendered, *held* that the appointment of the elder daughter as administratrix of the father's estate, and of the younger daughter as administratrix of the mother's estate was no abuse of discretion of the trial court, that it was eminently reasonable and fair to appoint the elder daughter administratrix of the father's estate in order to collect the assets of that estate and to appoint the younger daugher administratrix of the mother's estate so she could defend against the claim of her sister.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.